Filed 2/25/14  In re Alex M. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| In re ALEX M., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B245295<br>(Super. Ct. No. 2011026387)<br>(Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEX M.,<br><br>    Defendant and Appellant. | |

        Appellant Alex M. was charged in a wardship petition with three misdemeanor violations arising from his alleged misconduct while in custody at juvenile hall.  The prosecution sought and the juvenile court granted dismissal of these charges, thereby permitting his transfer to county jail upon his 18th birthday.  Appellant now asks us to reverse the juvenile court's order and reinstate the charges.  While we acknowledge that there once may have been a reason to do so, that reason abated when appellant turned age 19 and, perhaps more importantly, when he was convicted of murder and sentenced to prison for 26 years to life.  We accordingly dismiss the appeal as moot.

## FACTS AND PROCEDURAL HISTORY

Appellant was born in December 1994. He was first declared a ward of the juvenile court when he was 12 years old, and has a lengthy history of delinquency. In July 2009, he was charged by felony complaint with first degree murder (Pen. Code, § 187, subd. (a); Welf. & Inst. Code,[1] § 707, subd. (d)(2)(A)) and other charges. Appellant was detained at juvenile hall pending trial.

On July 26, 2011, a subsequent wardship petition was filed charging appellant with resisting or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)), making criminal threats (*id*. at § 422), and battery (*id*. at § 242). Appellant was never arraigned on the petition.

On October 22, 2012, appellant's attorney notified the court that the probation department wanted to transport appellant to the county jail on his 18th birthday in December 2012, as provided in section 208.5. The matter was set for hearing on November 8, 2012. At the November 8th hearing, the court stated, "my normal course in the juvenile matter would be that . . . absent some other order, [appellant] would be housed in the juvenile facility typically until he's 19." The prosecutor then moved to dismiss the wardship petition. When the court asked if there was "any reason" why the motion should not be granted, appellant's attorney replied that a dismissal was governed by section 782 and would not be in the interests of justice or the minor's welfare. Counsel offered that because appellant was a ward of the court independent of the current petition, "[the] juvenile court has jurisdiction over [appellant] until he's 21 years of age. The Court's got the authority under [section] 208.5 to keep him." The prosecutor responded: "We cannot be forced to continue on charges that we have dismissed. . . . [B]ecause there is no longer a petition before this Court, the People would simply ask that the Court dismiss the charges and that the matter go off calendar."

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

2

The court agreed with the prosecutor's position and dismissed the subsequent wardship petition, finding that the dismissal was in the interests of justice. The court added that although it "remain[ed] open to modifying the terms of probation to provide whatever services the court determines are correct and necessary for the minor's wellbeing," it was "not presently disposed to entertain as a component of that a ruling or order that he be housed in an adult matter somewhere other than what the adult court would order him housed." Appellant filed a timely notice of appeal.[2]

On October 24, 2013, appellant was convicted of first degree murder. On November 25, 2013, he was sentenced to 26 years to life in state prison. Two days later, he was transferred to Wasco State Prison to begin serving his prison sentence.[3]

DISCUSSION

Appellant contends the order dismissing the subsequent section 602 petition must be reversed because the dismissal was neither in the interests of justice nor required by his welfare. He complains that the dismissal resulted in his transfer to county jail on his 18th birthday, while he otherwise would have not been transferred until his 19th birthday. In a supplemental brief filed after respondent's brief, appellant further contends the dismissal order must be reversed because the court failed to give a statement of reasons in a minute order as contemplated in rule 5.790 of the California Rules of Court.

Two very significant ensuing events have effectively rendered the appeal moot. The first event, or rather set of events—of which we take judicial notice—relate to the adult court proceedings. Namely, while the appeal has been pending, appellant was convicted of first degree murder, sentenced to 26 years to life in state prison, and sent to

---

[2] On April 26, 2013, appellant moved the juvenile court to issue an order directing the Ventura County Sheriff to give him acne medication and have him treated by a dermatologist. The court denied the motion, reasoning that the motion should have been brought in the adult court matter. Appellant filed a separate notice of appeal from the order denying his motion for medical treatment. Appointed counsel subsequently filed an opening brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We dismiss the appeal in that matter in a separate opinion.

[3] We take judicial notice of these facts on our own motion. (Evid. Code, § 452.)

prison to begin serving that term. The second event is appellant's 19th birthday, which took place several weeks ago.

These intervening circumstances effectively render it impossible for us to grant appellant the substantive relief he seeks. Indeed, granting a reversal would only subject him to additional criminal charges, a result that appellant and his counsel should seek to avoid rather than invite. As appellant's trial counsel noted, appellant had already served any time he might receive if the juvenile petition had been sustained. As it stands, there is simply nothing appellant can gain from a reversal of the order he appeals. Because no effective relief can be granted, we dismiss the appeal. (See *Steiner v. Superior Court* (2013) 220 Cal.App.4th 1479, 1485; *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214; see also Civ. Code, § 3532 ["The law neither does nor requires idle acts"].)

The appeal is dismissed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

4

David R. Worley, Judge

Superior Court County of Ventura

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.